23174. SCOTT et al. v. SHAW.

598

Argued October 11, 1965—Decided November 4, 1965—
Rehearing denied December 17, 1965.

*William C. Calhoun,* for appellants.
*Henry J. Heffernan,* for appellee.

Almand, Justice. In this appeal Joe Scott, Jr. and Geneva F. Scott seek the reversal of a judgment overruling their demurrers to the two-count petition of W. L. Shaw seeking (a) specific performance of a contract for the purchase of a described tract of land in Richmond County and (b) in the alternative a judgment of damages for a breach of contract.

The appellants assert that it was error to overrule the general and special demurrers to both counts of the petition because (a) the purchaser Shaw did not comply with the terms of the contract as to the time of consummating the sale—time being of the essence and (b) the extension of time which Shaw had to examine the title was only granted by one of the sellers.

■ Count 1, specific performance. This count alleges that on April 13, 1964, the defendants entered into a written contract with the plaintiff Shaw wherein he agreed to buy and the defendants agreed to sell a described tract of land for a specified sum of money. A copy of the sale contract signed by the parties and the real estate broker, the agent of the seller, is attached to the petition. This writing recites that Shaw having deposited $500 as earnest money with the sellers' agent, they, the sellers, would convey to Shaw by warranty deed a marketable title at the time the sale was consummated. Shaw, the buyer, was allowed 120 days in which to have the title examined and "in which to furnish the seller with a written statement of objections affecting the marketability of said title. Seller to have 15 days after receipt of such objections to satisfy all

valid objections and if seller fails to satisfy such objections in the said time, then at the *option* of the *buyer*, evidenced by *written* notice to seller, this contract shall be null and void." (Emphasis supplied). The contract provided that it was to run for 120 days from April 13 with the right of the buyer, Shaw, to an additional 60 days by depositing an additional $500. Above the signatures of one of the sellers, the purchaser and the broker appears the following: "August 11, 1964. As of this date, Mr. W. L. Shaw is exercising his option on this contract to extend same for 60 days from August 13, 1964, and has in keeping with this deposited $500 with Real Estate Sales Co."

The petition alleges that the buyer notified the defendant sellers on October 7, 1964, in writing of certain objections affecting the marketability of the title; that on October 10 the defendants notified the buyer they would take no steps to cure any defects in the title; that on October 27 the buyer notified the defendant sellers that he had secured affidavits to correct the deficiency in the title and that he was ready to go forward with the purchase of the property and fixed October 30 as the time to close the sale. On this latter date the defendants said they would not execute a deed to the plaintiff. It was alleged that the plaintiff, the buyer, tendered the balance of the purchase money, which tender was refused.

It was alleged that the agreed purchase price of the property was adequate and the plaintiff was ready and willing to pay the defendants the balance of the purchase money.

(a) We do not agree with the defendants' (sellers') contention that the time in which the plaintiff (buyer) was required to consummate the sale was not complied with. The plaintiff was given 120 days from April 13 to examine the title. Under the express provisions of the sale contract this time was extended 60 days from August 13 to October 13, when the plaintiff paid an additional $500. The petition alleges that on October 7 the defendants were called upon to remedy certain defects, which they refused to do on October 10. On October 27 the defendants were notified that the plaintiff was ready to pay the balance of the purchase price. This recitation of alleged facts shows that within the time of 180 days from the date of the

contract plus the 15 days which the defendants had to correct the alleged defects in title, the plaintiff's offer to pay the balance of the purchase money was a compliance on his part with the terms of the contract as to time.

(b) The contention by the defendants that the extension of time on August 11 for an additional 60 days was not binding because the extension agreement was only signed by Joe Scott, Jr., one of the joint sellers, is not supported by the sale contract. The contract between the parties provided that the sale contract would run 120 days from April 13 with the right of the buyer (the plaintiff) to extend "the same for additional 60 days if he so desires by depositing additional $500." A copy of the sale contract attached to the petition shows that Joe Scott, Jr. acknowledged receipt of $500 "for the extension of the above contract." The right to extend the time for the consummation of the sale contract for 60 days for a stipulated consideration was given the plaintiff in the contract. When he elected in August to extend the contract for 60 more days and paid the stipulated price, it was not necessary that either one of the sellers sign a written agreement of said extension. A writing acknowledging receipt of the agreed amount to extend the contract for 60 days under the terms of the contract of sale was sufficient.

The allegations of the petition in count 1 for specific performance were sufficient to withstand the demurrers interposed by the defendants.

■ Count 2. This count seeks to recover damages for a breach of contract in the alternative to the prayers for specific performance. The allegations of this count are sufficient to show that a valid contract was entered into between the parties as to the sale by the defendants of a described tract of land and a breach thereof by the sellers; that if from any cause specific performance is impossible, the plaintiff, under the allegations of his petition, would be entitled to damages.

The trial judge did not err in overruling the general and special demurrers of the defendants to both counts of the petition.

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*